UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re<br><br>LAND VENTURES FOR 2, LLC,<br><br>    Debtor. | Case No. 10-30651-WRS<br>Chapter 11 |
| LAND VENTURES FOR 2, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FARM CREDIT OF NORTHWEST<br>FLORIDA, ACA<br><br>    Defendant. | Adv. Pro. No. 10-03048-WRS |

## **MEMORANDUM DECISION**

This Adversary Proceeding is before the Court upon the Motion to Dismiss filed by Defendant Farm Credit of Northwest Florida, ACA (Farm Credit) (Doc. 5); and its Amended Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 8). On August 26, 2010, this Court heard the motions. For the reasons set forth below, the Defendant's Motion to Dismiss and the Amended Motion to Dismiss are GRANTED.

## **I. FACTS**

Plaintiff Land Ventures For 2, LLC, (the Debtor) filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code on March 16, 2010. (Case No. 10-30651, Doc. 1). On June 3, 2010, Defendant Farm Credit of Northwest Florida, ACA filed a Motion for Relief from Stay, alleging that Land Ventures had defaulted on its

mortgage payments and that it lacked adequate protection for its interest in certain of the Debtor's land. (Case No. 10-30651, Doc. 50).

On July 2, 2010, the Debtor filed a single count complaint initiating this Adversary Proceeding. (Case No. 10-03048, Doc. 1). The Complaint alleges that Farm Credit violated the automatic stay when an employee and an appraiser entered onto one of Land Ventures' nonresidential properties on June 14, 2010 to conduct an appraisal. To gain access to the property, the Farm Credit employee cut a link in the chained lock on the gate. Once on the property, the Farm Credit employee and the appraiser found neighbors on the premises and ordered them off. Land Ventures' Complaint alleges that the Farm Credit employee told the neighbors that Farm Credit was foreclosing on the property and ordered them to leave. Land Ventures' Complaint admits that it gave Farm Credit permission for Farm Credit to contact Land Ventures' representative, Todd Pittman, and for the Farm Credit appraiser to enter the property to conduct an appraisal. However, Land Ventures alleges that when the appraiser contacted Mr. Pittman to schedule the appraisal, Mr. Pittman requested to reschedule the appraisal due to a personal conflict.

The original complaint filed by Land Ventures consisted of a one count, alleging that Farm Credit violated the automatic stay under 11 U.S.C. § 362(a)(3). In response, Farm Credit moved to dismiss the complaint, alleging that the Plaintiff had failed to state a claim for which relief could be granted. Land Ventures then filed an Amended Complaint, adding three additional counts, without seeking leave to amend as provided by Rule 7015(a), Fed. R. Bankr. P. (Doc. 7). Farm Credit then moved to dismiss the

2

Case 10-03048   Doc 12   Filed 09/08/10   Entered 09/08/10 16:10:36   Desc Main
Document      Page 2 of 5

Amended Complaint on the grounds that the Plaintiff had not sought leave to amend. (Doc. 8).

## II. CONCLUSIONS OF LAW

This Adversary Proceeding is before the Court on Farm Credit's Motion to Dismiss and Amended Motion to Dismiss. (Docs. 5, 8). The first motion to dismiss is governed by the provisions of Rule 12(b)(6), Fed.R.Civ.P., made applicable here by Rule 7012, Fed.R.Bankr.P. A dismissal is proper "if the factual allegations are not 'enough to raise a right to relief above the speculation level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). "[T]he factual allegations in the complaint 'must possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966-67). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft*, 129 S.Ct. at 1949, 173 L.Ed.2d at 884 (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

3

In the case at bar, Land Ventures alleges that Farm Credit violated the automatic stay provision when Farm Credit's employee and an appraiser entered one of Land Ventures' nonresidential properties to conduct an appraisal. Land Ventures brings its complaint under 11 U.S.C. § 362(a)(3), which applies the stay to "any act to obtain possession property of the estate . . . or exercise control over the property of the estate." *Id*. Farm Credit had permission to contact Mr. Pittman and to enter the property to conduct an appraisal. While cutting the lock off the property's gate in order to gain access is an aggressive move, the lock was cut only after Farm Credit was given permission to conduct the appraisal and Mr. Pittman was made aware that Farm Credit was attempting to conduct the appraisal. Moreover, Land Ventures was given a copy of the key to the property and it makes no allegation that its possession was in any way interfered with. *Cf. Kaiser v. Leader Federal Bank for Savings*, 158 B.R. 808 (D. Neb. Bankr. 1993) (finding an automatic stay violation when mortgagee entered debtor's home without permission, removed personal property, and took actions to effectively prevent the debtor from reentering their home).

One should consider the actions of Farm Credit in the context of the underlying Chapter 11 bankruptcy case. As Land Ventures was opposing Farm Credit's motion for relief from the automatic stay, and because the burden of proof as to equity was on Farm Credit, it was necessary for Farm Credit to enter onto the land to make the appraisal, so that it could properly prosecute its motion. 11 U.S.C. § 362(g). It is undisputed that Land Ventures gave permission to Farm Credit to enter onto the land, indeed the Court would have ordered as much had permission not been given. The act

4

of entering land to make an appraisal is not an act to take possession or exercise control of property in violation of 11 U.S.C. § 362(a).

Farm Credit's second motion to dismiss, was not opposed. The Debtor was required to seek leave of court, but did not do so. The second motion to dismiss, that is, the motion to dismiss the Amended Complaint is GRANTED.

### III. CONCLUSION

Taking all of the factual allegations in the Plaintiff's Original Complaint as true, the Court finds that it fails to allege a claim for which this Court may grant relief. For this reason, the Complaint is DISMISSED. In addition, as the Plaintiff did not seek leave to amend its Complaint, the Amended Complaint is also DISMISSED. The Court will enter a separate order by way of a separate document.

Done this 8th day of September, 2010.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Scott M. Speagle, Attorney for Plaintiff
   Michael A. Fritz Sr., Attorney for Plaintiff
   Anne S. Sumblin, Attorney for Defendant