UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 10-30651-WRS
                                                   Chapter 11
LAND VENTURES FOR 2, LLC,

    Debtor

LAND VENTURES FOR 2, LLC,

    Plaintiff                                   Adv. Pro. No. 10-03048-WRS

  v.

FARM CREDIT OF NORTHWEST
FLORIDA, ACA

**MEMORANDUM DECISION**

This comes before the Court on the Plaintiff's Motion to Dismiss Second Amended Complaint filed by Defendant Farm Credit of Northwest Florida, ACA ("Farm Credit"), (Doc. 16), and its Supplement to Motion to Dismiss Second Amended Complaint. (Doc. 21). Plaintiff Land Ventures for 2, LLC ("Land Ventures") filed an Opposition to Defendant's Motion in response. (Doc. 20). On October 26, 2010 at 1:30 P.M., the parties appeared telephonically and the Court heard the motion. For the reasons set forth below, the Defendant's Motion to Dismiss is GRANTED.

**I.  FACTS**

Plaintiff Land Ventures for 2, LLC, ("the Debtor") filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code on March 16, 2010. (Case No. 10-30651, Doc. 1). On July 2, 2010, the Debtor filed a single count complaint initiating this Adversary Proceeding. (Case No. 10-03048, Doc. 1). That Complaint alleged an automatic stay violation by Farm Credit; and was subsequently amended, without seeking leave to amend under Rule 7015(a), to

1

add three additional counts. (Doc. 7). Farm Credit filed a Motion to Dismiss the original Complaint under Fed.R.Civ.P. 12(b)(6), (Doc. 5), and an Amended Motion to Dismiss the Amended Complaint for failure to seek leave to amend. (Doc. 8). Both of Farm Venture's Motions to Dismiss were granted on September 8, 2010.

On September 10, 2010, the Debtor filed another three count Amended Complaint. (Doc. 14). The Complaint accuses Farm Credit of misrepresentation, suppression, and a breach of contract. These counts arise from a series of discussions the Debtor and Farm Credit had regarding modifying the Debtor's mortgage, prior to the Debtor filing bankruptcy.

According to the Debtor's Complaint, the Debtor, by and through its authorized representative, Todd Pittman entered into a Note Modification Agreement with Farm Credit on March 22, 2008. The Note Modification Agreement gave Farm Credit a secured mortgage on the Debtor's properties in Crenshaw County, Alabama and Holmes County, Florida. Under the terms of the agreement, the Debtor agreed to pay the principal sum of $690,539.60 plus interest, in monthly payments of $4,110.36 plus interest.

In August or September 2008, the Debtor realized it would need to modify its loan and met with Farm Credit's loan officer, Rick Hemby. On November 19, 2008, the Debtor received a loan restructuring application. Between the months of November 2008 and April 2009, Mr. Pittman met with Mr. Hemby about 12-14 times to discuss modifying the loan agreement. During the course of these meetings, the Debtor alleges that Mr. Hemby informed Mr. Pittman that Farm Credit did not modify loans unless the debtor was in default. The Debtor alleges that Mr. Hemby represented to Mr. Pittman that if Land Ventures went into default by not paying its monthly payments, then Farm Credit would modify Land Ventures' loan. Relying on Mr. Hemby's statement, the Debtor stopped paying its monthly payments to force the default with

2

the expectation that Farm Credit would then modify the loan. At this time, according to the Debtor, Land Ventures was current on its loan and fully capable of remaining current.

According to the Complaint, on April 30, 2009, Land Ventures and Farm Credit reached an agreement to modify the loan. Farm Credit agreed to re-amortize the loan at 25 years and 5.75% interest per annum, in exchange for Land Ventures making a $25,036.85 payment to be applied to the outstanding loan principal. However, after Land Ventures paid the $25,036.85 and Farm Credit applied $12,331.08 towards the principal, Farm Credit reversed the application and instead applied the entire amount to interest.

Meanwhile, while Land Ventures awaited the new loan documents and new appraisal, in August 2009, Farm Credit allegedly told Land Ventures it was changing the terms of the April 30 agreement. According to the Complaint, Farm Credit was seeking additional cash payments and collateral from the Debtor and proved to be difficult in negotiating an amenable modification of the agreement. According to the Debtor, the drawn out negotiations resulted in the related bankruptcy and this adversary proceeding.

## II. CONCLUSIONS OF LAW

This Adversary Proceeding is before the Court on Farm Credit's Motion to Dismiss. (Doc. 14). The Motion to Dismiss is made with respects to the misrepresentation and suppression counts, under Rule 9(b), Fed.R.Civ.P., made applicable here by Rule 7009, Fed.R.Bankr.P. As to the breach of contract claim, the Motion for Dismiss arises under Rule 12(b)(6), Fed.R.Civ.P., made applicable here by Rule 7012, Fed.R.Bankr.P.

### A. Motion to Dismiss Count III - Breach of Contract Claim

Turning first to the application of Rule 12(b)(6), a dismissal is proper "if the factual allegations are not 'enough to raise a right to relief above the speculation level.'" *Edwards v.*

*Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 557). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Edwards*, 602 F.3d at 1291 (quoting *Twombly*, 550 U.S. at 555).

"A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Cliatt v. Phenix* City, 2007 WL 328069, *1 (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). Rule 12(b)(6) allows a defendant to raise affirmative defenses "in bar by a motion to dismiss for failure to state a claim and vest the court with discretion to treat such a motion as one for summary judgment." *Chappell v. Goltsman*, 186 F.2d 215, 218 (5th Cir. 1950). "On a Rule 12(b)(6) motion, "an affirmative defense, such as the statute of frauds . . . is appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff." *In re Halpert &Company, Inc.*, 254 B.R. 104, 126 (Bankr.D.N.J. 1999) (internal citations omitted).

Here, we have a breach of contract claim arising out of an alleged oral loan modification. The original agreement involved an interest in land that would not be performed within one year from its making. Under Alabama and Florida law, the statute of frauds requires that a contract for the sale of land or which will not be performed within one year be reduced to writing and signed by the party against which enforcement is sought. ALA. CODE § 8-9-2 (general statute of frauds); FLA. STAT. § 689.01 (land contracts must be in writing). The original loan agreement is covered by these statutes. As such, both states require any modification to a loan must be in writing. *See Gewin v. TCF Asset Management Corp.*, 668 So.2d 523, 527 (Ala. 1995) ("[T]he

4

Statute of Frauds requires that any modification or amendment to a contract for the sale of real estate be signed by the party to be charged." *Charles J.Arndt, Inc. v. City of Birmingham*, 547 So.2d 397, 401 (Ala.1989)); ( *Cammorata v. Woodruff*, 445 So.2d 867 (Ala. 1984) (an agreement to modify a contract required to be in writing under the statute of frauds must also be in writing); *Wharfside at Boca Pointe, Inc. v. Superior Bank*, 741 So.2d 542, 545 (Fla. Dist. Ct. App. 1999) ("An agreement that is required by the statute of frauds to be in writing cannot be orally modified.").

Considering the Complaint on its face, it is clear from the Complaint that the underlying agreement is clearly covered by the statute of frauds in both Alabama and Florida. Any subsequent modification must be made in writing and the statute of frauds is a valid affirmative defense that bars relief. Therefore, the Defendant's Motion to Dismiss the Breach of Contract claim is GRANTED.

**B. Motion to Dismiss Counts I and II for Misrepresentation and Suppression**

Turning to the Rule 9(b) aspect of the Motion to Dismiss Counts I (Misrepresentation) and II (Suppression), Farm Credit argues in its Motion to Dismiss and Supplement to its Motion to Dismiss that Land Ventures has failed to meet the standard for pleading fraud. Rule 9(b), Fed.R.Civ.P., applicable here under Rule 7009, Fed.R.Bankr.P., states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Eleventh Circuit has interpreted this to mean that to meet the particularity requirement, the complaint must set forth:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the

5

Case 10-03048    Doc 22    Filed 11/12/10    Entered 11/12/10 15:51:13    Desc Main
Document      Page 5 of 7

manner in which they misled the plaintiff and (4) what the defendants obtained as
a consequence of the fraud.

*Kirwin v. Price Communications Corp.*, 274 F.Supp.2d 1242, 1255 (M.D.Ala. 2003), *rev'd other grounds*, 391 F.3d 1323 (citing *U.S. ex rel Clausen v. Laboratory Corp. of America*, 290 F.3d 1301, 1310 (11th Cir. 2002)).

The Complaint alleges:

- In August or September 2008, Farm Credit, through its loan officer Rick Hemby, met with Mr. Pittman of Land Ventures and was made aware of Land Ventures' need to modify its loan.

- On November 19, 2008, Land Ventures received a loan restructuring application.

- Between November 2008 and April 2009, Mr. Pittman met with Mr. Hemby to discuss modifying the loan. During these meetings, Mr. Hemby told Mr. Pittman that Farm Credit did not modify loans unless the debtor was in default.

- Mr. Hemby, through the course of these meetings, represented to Mr. Pittman that if Land Ventures went into default by not paying its monthly payments, then Farm Credit would modify Land Ventures loan.

- Land Ventures was allegedly current on its payments.

- Land Ventures, allegedly relying on Mr. Hemby's statements, stopped paying its monthly loan payments to initiate the default.

- Once in default, Land Ventures began negotiating with Farm Credit to modify the loan, which Land Ventures believed would happen. However, negotiations failed and resulted in this bankruptcy.

However, as pointed out by Defendant's Supplement to the Motion to Dismiss, the precise location where Mr. Hemby's statements were made is noticeably absent from the Complaint. As Farm Credit is a Florida bank and Land Ventures for 2 operates in Florida and

6

Alabama, these statements could have been made in either state. Without a specific location, not only does the Complaint fail to meet the Eleventh Circuit's standard for Rule 9(b) particularity, it leaves little direction as to which state law would be applicable if the case were to proceed. Therefore, on Counts I and II, the Court GRANTS the Defendant's Motion to Dismiss, but gives Plaintiff leave to amend its Complaint.[1]

### III. CONCLUSION

Taking all of the factual allegations in the Plaintiff's Amended Complaint as true, the Court finds that Count III fails to allege a claim for which this Court may grant relief and Counts I and II fail to reach the level of particularity required under Rule 9(b). Therefore, the Plaintiff's Amended Complaint is DISMISSED. The Court will enter a separate order by way of a separate document.

Done this 12th day of November, 2010.

/s/ William R. Sawyer
United States Bankruptcy Court

c: Scott M. Speagle, Attorney for Plaintiff
Michael A. Fritz Sr., Attorney for Debtor
Anne S. Sumblin, Attorney for Defendant

---

[1] This is not to say that the Court finds the Complaint plausible on face, but as the Defendant did not raise plausibility as an issue in its Motion to Dismiss, the Court will refrain from ruling on the plausibility requirement.